UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HILL COUNTRY BAKERY, LLC           :
                                   :
                      Plaintiff,   :    11 CV 00751 (JFB) (ETB)
                                   :
         - against -               :    SECOND AMENDED JOINT
                                   :    RULE 26(F) REPORT AND
I.J. WHITE SYSTEMS,                :    DISCOVERY PLAN
                                   :
                      Defendant.   :
-----------------------------------------------------------x

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order of February 25, 2011, Plaintiff Hill Country Bakery, LLC and Defendant I.J. White Systems, by and through their respective counsel, having conferred again on May 13, 2011, hereby submit this Second Amended Joint Rule 26(f) Report and Discovery Plan:

1. **Rule 26(f)(2): Initial Disclosures.**

The parties have already submitted their respective Rule 26(a)(1)(A) initial disclosures. Both parties reserve the right to supplement their initial disclosures to the extent permitted by the Federal Rules of Civil Procedure and Local Civil Rules of this Court.

2. **Rule 26(f)(3): Subjects of Discovery.**

The parties believe that the subjects of discovery will encompass all claims and defenses in the action. The parties intend to pursue both written discovery and discovery by way of deposition.

3. **Rule 26(f)(3): Discovery Schedule.**

Defendant has already submitted its initial production, along with a privilege log, less any privileged material. Defendant has agreed to supplement its production on a rolling basis as additional documents become available. Defendant has already responded to Plaintiff's First

Request For Production To Defendant I.J. White Systems. Both sides reserve the right to serve additional requests or seek to compel production of documents wrongfully withheld.

The parties have further agreed to the following schedule:

a. Plaintiff's Second Amended Complaint to be served by **Wednesday, May 18, 2011**;

b. Plaintiff's response to Defendant's Interrogatories and Request for Documents, along with a privilege log, due by **Friday, June 10, 2011** (Plaintiff reserves the right to supplement any production);

c. Plaintiff's response to Defendant's Request for Admissions due by **Friday, June 10, 2011**;

d. Defendant's response to Plaintiff's First Set of Interrogatories and First Requests for Admission due by **Friday, June 24, 2011**;

e. The parties reserve the right to amend their respective pleadings and/or add additional parties to this dispute without leave of court until **Friday, July 8, 2011**;

f. All discovery, including all factual and expert discovery, to be completed by **Friday, October 28, 2011**;

g. Any dispositive motions made pursuant to Federal Rule 56 due by **Friday, December 2, 2011**, unless otherwise scheduled by the Court; and

h. Pretrial Order due by **Friday, January 6, 2012**, unless otherwise scheduled by the Court.

**4.    Rule 26(f)(3):  Discovery of Electronically Stored Information ("ESI").**

The parties agree to meet and confer about the scope of the ESI production, the format of any such production, and potential cost sharing arrangements depending upon the scope and expense of any requested information. The parties will undertake to reach an agreement memorializing the scope and format of ESI production. The parties will produce documents in native format and as they are kept in the ordinary course of business. Both parties reserve the right to seek appropriate relief from the court for productions which fail to comply with the federal rules governing the production of evidence (electronic or otherwise).

5. **Rule 26(f)(3):  Claims of Privilege or Work Product.**

The parties do not currently anticipate any particular issues regarding claims of privilege or protection of trial-preparation materials, and do not believe it is necessary for the Court to include any agreement regarding the same in an Order. The parties anticipate that they may each be required to produce certain confidential or proprietary information in the course of discovery. In light of the prospect that discovery of such information will be required, the parties have conferred about the terms of a confidentiality agreement and anticipate that they will submit a proposed confidentiality agreement and order for approval by the Court in the manner required by the rules.

6. **Rule 26(f)(3):  Limitations or Changes to Discovery.**

The parties do not currently anticipate the need for the Court to impose limitations or changes to the rules regarding discovery. Defendant has tentatively identified as many as forty (40) fact witnesses, plus additional expert witnesses to be deposed before the discovery cut-off. Many of these witnesses will be non-parties. Plaintiff believes that this matter is not nearly as complex as Defendant would have the Court believe and will not warrant nearly as many depositions as Defendant may currently anticipate.  Plaintiff reserves the right to object to any depositions noticed by Defendant that Plaintiff contends are unnecessary. Both parties reserve the right to seek to modify or enforce the applicable discovery limits should the need arise.

7. **Rule 26(f)(3): Other Orders.**

The parties do not believe that there is a need for additional orders by the Court at this time, but reserve the right to seek relief from the Court at a later time.

Respectfully submitted,

| | |
|---|---|
| HAYNES AND BOONE, LLP<br>*Attorneys for Plaintiff* | COZEN O'CONNOR, LLP<br>*Attorneys for Defendant* |
| By: s/ Jonathan D. Pressment<br>    Jonathan D. Pressment (JP-1819)<br>    30 Rockefeller Plaza, 26th Floor<br>    New York, New York 10112<br>    (212) 659-7300<br>    Jonathan.Pressment@haynesboone.com | By: s/David Y. Loh<br>    David Y. Loh (DL-0460)<br>    45 Broadway, 16th Floor<br>    New York, New York 10006<br>    (212) 509-9400<br>    dloh@cozen.com |

SO ORDERED:

_____
Hon. E. Thomas Boyle, U.S.M.J.
Dated: