UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

HILL COUNTRY BAKERY, LLC.,

                     CV 11-00751 (JFB)(ETB)

            Plaintiff,

   - against –                 **BRIEF IN SUPPORT OF MOTION
                                               TO WITHDRAW AS COUNSEL**

I.J. WHITE SYSTEMS,

            Defendant.

------------------------------------------------------------X

      Cozen O'Connor hereby moves this Honorable Court pursuant to Local Rule 1.4 and New York Rules of Professional Conduct 1.16(b) and (c)(1), (5), and (7) for an Order relieving Cozen O'Connor as attorneys of record for Defendant, I.J. White Systems. ("IJW").

1.    STATEMENT OF FACTS

      On or about May 20, 2010, Plaintiff Hill Country Bakery LLC ("HCB") filed a complaint in this action against IJW in the District Court for the 131st Judicial District for Bexar County, Texas. IJW retained the law firm Strasburger & Price as counsel. On or about June 25, 2010, the action was removed to the Western District of Texas. On February 10, 2011, the action was transferred to the Eastern District of New York; Plaintiff filed an amended complaint on April 8, 2011. See Loh Cert. at ¶ 2.

      On or about February 24, 2011, Cozen O'Connor was retained by IJW's insurers to represent IJW in this matter. An official appearance was entered by David Y. Loh on

behalf of IJW on March 1, 2011. See Loh Cert. at ¶3. On April 14, 2011, Cozen O'Connor advised IJW that an insurance coverage decision may require IJW to retain its own counsel. On May 9, 2011, IJW's insurers advised that they were withdrawing coverage for IJW's defense and were no longer approving any expenses. On May 9, 2011, Cozen O'Connor provided IJW with a retainer agreement and requested that IJW either execute the retainer agreement or retain new counsel. See Loh Cert. at ¶¶ 4-5. Under the terms of the retainer agreement IJW would engage Cozen O'Connor directly, compensate Cozen O'Connor on the same hourly fee basis that was accepted by IJW's insurers and reimburse Cozen O'Connor for all costs and expenses incurred on behalf of IJW. Cozen O'Connor gave IJW a deadline of Friday, May 13, 2011 by which to advise as to its intentions. *Id.*

Cozen O'Connor has unsuccessfully written to Peter White, President of IJW, to obtain an executed retainer agreement as a good faith indication of IJW's intention to pay its future legal bills going forward. IJW has refused to do this. Cozen O'Connor has advised that if the retainer agreement were not signed, it would have no choice but to file the instant application to withdraw as counsel. See Loh Cert. at ¶ 5. On May 13, 2011, IJW advised us that IJW would neither execute the retainer agreement nor retain new counsel.

As a result of IJW's failure to execute the retainer agreement or appoint new counsel, Cozen O'Connor respectfully requests permission to withdraw as counsel pursuant to Local Rule 1.4 and Rule 1.16(b) and (c) of the New York Rules of Professional Conduct.

2.  ARGUMENT

Withdrawal of counsel from representation is governed by Local Rule 1.4 and by

Rule 1.16 of the New York Rules of Professional Conduct. Rule 1.4 states that an attorney may withdraw upon receipt of a court order, and that such an order "may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement." Withdrawal is mandatory in this matter pursuant to RPC 1.16(b)(1), which provides, in part, that an attorney "shall withdraw from the representation of a client when: (1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law." In this particular case, Cozen O'Connor's withdrawal is mandatory because IJW's failure to cooperate by executing the retainer agreement will result in violation of RPC 1.3 by preventing Cozen O'Connor from representing IJW diligently, promptly and to the best of its ability, as well as RPC 1.4, in that as Cozen will be unable to comply with its communication obligations.

RPC 1.16(c) also permits withdrawal if "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees," or "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." RPC 1.16(c)(5) and (7); *Stair v. Calhoun*, 722 F. Supp. 2d 258 (E.D.N.Y. 2010).

Whether to grant or deny a motion to withdraw as counsel "falls to the sound discretion of the trial court." *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002). The Second Circuit has acknowledged that a client's refusal to pay attorney's fees may constitute good cause to withdraw. *Id., United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006); *Stair*, supra. In determining whether to grant a motion to withdraw, a court should also consider potential prejudice to the client, whether the motion is opposed, whether the unpaid representation is a severe financial hardship to the firm, and whether the suit is

likely to be disrupted by the withdrawal. *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, (E.D.N.Y. 2006); *Whiting v. Lacara*, 187 F.3d 317 (2d Cir. 1999). In *Stair v. Calhoun*, supra, the court held that the plaintiff's law firm established good cause for permissive withdrawal from representation based on non-payment of legal fees, because there was no prejudice to any of the parties, and the resolution of the case was not delayed because the court had not yet entered a joint pre-trial order or scheduled a trial date. *Id.* As such, withdrawal was allowed.

This is a proper case to permit withdrawal of counsel from representation. Cozen O'Connor has repeatedly and in good faith attempted to communicate with IJW in an effort to finalize a retainer agreement and has not received cooperation. This dispute arises from the design, manufacture, installation and operation of a complex spiral freezer system. This litigation will be time intensive, requiring numerous fact and expert depositions. It would be unduly burdensome for this law firm to continue to represent IJW without a retainer agreement in place. The rules governing the conduct of this law firm dictate that IJW's interests be protected through a duly executed retainer agreement. Cozen O'Connor has fulfilled its obligation to notify IJW of its intention to withdraw. *See* Loh Cert. at ¶¶ 4-5.

None of the other parties will be prejudiced by withdrawal, as this case is still in its infancy. Plaintiff will be filing a Second Amended Complaint by May 18, 2011, and discovery is in its initial stages. On May 13, 2011, IJW submitted a proposed Amended Scheduling Order, with plaintiff's consent, to extend all deadlines by approximately thirty (30) days. *See* Loh Cert. at ¶ 6. The administration of justice will not be harmed, and withdrawal will not delay the case because a trial schedule is not yet in place. *See* Loh Cert. at ¶ 6.

As such, withdrawal is justified in this case and it is respectfully requested that Cozen O'Connor be permitted to withdraw as counsel on behalf of IJW in this matter.

3.  CONCLUSION

For all of the foregoing reasons, Cozen O'Connor respectfully requests that this Court grant its Motion to withdraw as counsel for I.J. White Systems in this matter.

Dated: New York, New York
       May 16, 2011

>                     Respectfully submitted,
>
>                     COZEN O'CONNOR
>                     *Attorneys for Defendant*
>                     *I.J. WHITE CORPORATION*
>
>                 By: _____
>                     David Y. Loh
>                     Christopher Raleigh
>                     Jennifer L. Clark
>                     45 Broadway, 16th Floor
>                     New York, NY  10006-3792
>                     Tel: (212) 509-9400
>                     Fax: (212) 509-9492